# CASES

DECIDED IN THE

## COURT OF CHANCERY OF NEW-JERSEY,

### JULY TERM, 1830.

---

### CAMMANN v. EXECUTOR OF TRAPHAGAN.

On a bill for injunction and relief against a verdict and judgment at law, and plea of the judgment in bar supported by answer; there being no replication filed, the plea, on argument, must be considered true.

As to all matters within the complainant's knowledge at the time the trial took place, defence should have been made at law, and a plea of the judgment at law is a good defence to a bill in this court.

The absence of the complainant and his engagements in business, not having been deemed sufficient ground for putting off, or granting a new trial, the decision at law is final.

Matters of defence, having come to the complainant's knowledge since the trial at law, are proper grounds for granting an injunction and requiring discovery.

But these matters, charged to be within the knowledge of the defendant, who was plaintiff at law, being denied by his answer; the plea of the judgment allowed, with costs.

THE bill set forth, that Augustus F. Cammann, the complainant, and Henry Traphagan, deceased, had dealings together; that several promissory notes were given by the complainant to the deceased; upon two of which notes, and a book account, the complainant was prosecuted at law by the defendant, David P. Traphagan, as executor of the said deceased, and a verdict and judgment obtained against the complainant, who was then absent on business. That he had, as he alleges, a defence; had

made some preparation for trial ; and that owing to reasons which are set forth in the bill, a defence was not made ; that afterwards a rule to shew cause was obtained and argued, and a new trial refused by the court ; that upon said judgment execution issued, and subsequently, proceedings were commenced against his bail.  The bill sets forth some matters before the trial at law, and charges that the deceased had informed the defendant, that the two notes in question were paid and settled by the complainant, or in some way arranged ; and that since the trial of the said cause the complainant had heard that such matter was within the knowledge of the defendant ; and prays for discovery, relief, and an injunction.

The defendant pleads in bar the verdict, judgment and proceedings at law ; and avers in his plea, and repeats in his answer accompanying his plea, that he had no knowledge respecting the said notes and book account, or of the dealings and transactions between the complainant and the testator in relation thereto, until after the death of the testator, and he became the executor of his last will and testament.  And he denies that the testator ever disclosed to him that the said demands on which the said suit at law was brought, or any part thereof, were paid or settled, or arranged in any way.  And says that he caused said suit at law to be commenced and prosecuted, and that he exhibited his evidence in said suit before the jury, and obtained the said verdict and judgment thereon, merely in discharge of his duty as such executor, and under the full conviction that the claim aforesaid was just and correct.

The plea in this case was set down for argument.  The chancellor having been the attorney for the complainant in the suit at law in the pleadings mentioned, called on Elias Vanarsdalen, esq. one of the masters of this court, according to the practice of the court, to hear the case, and advise the court what order or decree ought to be made.  The case was heard before the master, on written arguments, by

*C. L. Hardenberg*, for the complainant, and

*Geo. Wood*, for the defendant.

July, 1830.

Cammann
v.
Executor of
Traphagan.

After inspecting the pleadings and considering the arguments, the master reported to the court his opinion in writing, as follows—which at this term was delivered by

THE CHANCELLOR : The plea, not being denied by a replication, must on the argument be considered as true. As to all the matters of defence at law, within the complainant's knowledge when the trial took place, the master perceives no reason to question the propriety of the defence in this court made by this plea : *Mitf.* 206, 3d ed.; *Beams, E. Pl.* 197. The court of common pleas of Somerset was a court of competent jurisdiction, and the complainant's defence, as to all matters within his knowledge at the time, ought to have been made in that court. The absence of the complainant and his engagements in business, were not deemed by the court sufficient grounds for putting off the cause, or granting a new trial ; and their decision ought to be final. But as to the matter alleged to have come to the complainant's knowledge since the trial at law, this court very properly granted the injunction and required the discovery sought by the bill : 1 *John. C. R.* 98, 322, and cases there cited ; 6 *John. C. R.* 87 ; 1 *John. Ca.* 492, *&c.* ; 4 *John. R.* 510 ; 14 *John. R.* 69 ; 7 *Cranch R.* 336 ; 1 *Wash. R.* 321 : And had the defendant admitted what is alleged in this respect, this court might have granted the relief prayed. But, the defendant having denied the matters so charged, the complainant has no ground of equity for relief. The plea of the defendant ought therefore to be allowed, and (according to the statute) with costs.

The plea was accordingly allowed, and at a subsequent term the injunction dissolved and bill dismissed with costs.